IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-39 |
| ) | (Jordan/Shirley) |
| KENNETH J. DYER, II, and ) | |
| STACIE L. GLANCE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Defendant Kenneth J. Dyer, II, moves for a continuance of the suppression hearing presently set for June 19, 2007, and the trial date presently set for June 29, 2007. [Doc. 23]. For grounds, the defendant's counsel states that he is going to be in trial in Federal Court in Chattanooga on the day that the suppression hearing is scheduled, and that even if the suppression motion were heard on that date, the trial would still have to be reset in order to allow the undersigned to rule on the motion, issue a report and recommendation, and for objections to be filed and ruled upon. Neither Defendant Stacie L. Glance nor the government opposes Defendant Dyer's motion.

In light of defense counsel's conflict arising from his involvement in another criminal trial in another city, the Court finds that good cause exists to continue the suppression hearing in this

matter. Furthermore, the Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching June 29, 2007 trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to pursue his suppression motion. See 18 U.S.C. § 3161(h)(1)(F). Specifically, the Court will need time, not to exceed thirty days, to prepare a Report and Recommendation to the District Court on the motion. See 18 U.S.C. § 3161(h)(1)(J). Following the filing of the Report and Recommendation, the parties need time to file any objections, and the District Court will need time to rule upon the report and those objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the June 29, 2007 trial date. Thus, without a continuance, the defendants would be unreasonably denied the continuity of counsel, and counsel would not have the reasonable time necessary to prepare for trial, despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court further finds that all the time between the date of this Order and the new trial date of is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

Accordingly, it is hereby **ORDERED**:

(1) Defendant's Motion to Continue [Doc. 23] is **GRANTED;**

(2) The trial of this matter is reset to **September 24, 2007 at 9:00 a.m.** before the Honorable Leon Jordan, United States District Judge;

(3) The hearing on the defendant's suppression motion and the pretrial conference shall also be reset to **July 12, 2007 at 2:00 p.m.** before the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge; and

(4) All the time between the date of this Order and the new trial date of September 24, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:


    <u>s/ C. Clifford Shirley, Jr.</u>
    United States Magistrate Judge