UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-39 |
| | ) | (Jordan / Shirley) |
| KENNETH DYER, and | ) | |
| STACIE GLANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on two motions filed by defendant Stacie Glance: Motion for Bill of Particulars [Doc. 20] and Motion for Notice of Intent to use Evidence Arguably Subject to Suppression [Doc. 25-2]. At the motions hearing conducted on July 12, 2007, Ms Glance and the government informed the Court that they intended to rely on their written submissions and that further argument with respect to these two motions is not necessary to their disposition.

### MOTION FOR BILL OF PARTICULARS [DOC. 20]

Defendant Glance seeks further specificity from the government as to the criminal conduct alleged in the indictment. Ms Glance asks that the government disclose the place where the single act alleged in the indictment took place; and the quantity of methamphetamine she is alleged to have possessed. Defendant Glance argues that the indictment contains insufficient facts to permit her to properly prepare her defense to the offenses contained therein and that the indictment is unduly

vague. [Doc. 20].

The government opposes the defendant's motion, arguing that the charges against the defendant as set forth in the indictment, as well as the discovery already provided, are specific enough to protect her double jeopardy rights, and that the indictment informs the defendant of the nature of the charges against her with sufficient precision to prepare for trial. [Doc. 22].

Federal Rule of Criminal Procedure 7(f) states that:

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000).

The single-count indictment in this case [Doc. 3] reads:

The Grand Jury charges that, on or about December 7, 2006, in the Eastern District of Tennessee, the defendants, KENNETH J. DYER, II, and STACIE L. GLANCE, aided and abetted by each other, did knowingly, intentionally, and without authority, possess with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. [21 U.S.C.

2

§§ 841(a)(1), 841(b)(1)(B); 18 U.S.C. § 2]

The Court finds that the language of this indictment sufficiently apprises Ms Glance of the charges that she is facing to permit her to prepare her defense, to avoid surprise at trial, and to protect against a double jeopardy violation. Furthermore, the facts and evidence generated at the suppression hearing provided the information defendant seeks and more. Accordingly, Defendant Glance's Motion for Bill of Particulars **[Doc. 20]** is **DENIED**.

### MOTION FOR NOTICE OF INTENT TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION [DOC. 25-2]

Ms Glance moves the Court to order the government to disclose material arguably subject to Federal Rules of Criminal Procedure, Rule 16 and Rule 12(b)(4)(B). [Doc. 25-2]. This request was originally filed as [Doc. 21], however Ms Glance requested leave to substitute [Doc. 25-2] for the original filing. [Doc. 25]. The Court verbally granted the Motion to Substitute [Doc. 25] at the start of the evidentiary hearing on July 12, 2007. Ms Glance and the government agreed that the only change was the provision of Rule 12 upon which the defendant relied and that an additional response from the government was not necessary.

Federal Rule of Criminal Procedure 12(b)(4)(B) provides:

> At the Defendant's Request. At the arraignment of as soon afterward as is practicable, the defendant may, in order to have an opportunity to move to suppress evidence under subdivision Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. Proc 12.

The United States responds that it has already provided the material to Ms Glance. Specifically, the government asserts that it has complied with Ms Glance's request by providing:

> The search warrant, affidavit, and inventory to the premises at 316 Silver Stone Way, Pigeon Forge, Tennessee, and the items seized from the search heretofore mentioned.
> [Doc. 22]

The Court finds that it has previously ordered the disclosure of information subject to Rule 16 discovery in the Order on Discovery and Scheduling [Doc. 10] and that the government has complied with Ms Glance's request pursuant to Rule 12(b)(4)(B). Further, Ms Glance has, in fact, identified material arguably subject to suppression and has move the Court to suppress the same. [Doc. 19]. The Court finds this motion is moot and, accordingly, Motion for Notice of Intent to Use Evidence Arguably Subject to Suppression **[Doc. 25-2]** is **DENIED**.

## CONCLUSION

Accordingly, it is ORDERED:

(1) Motion to Substitute **[Doc. 25]** is **GRANTED**;

(2) Motion for Bill of Particulars **[Doc. 20]** is **DENIED**; and

(3) Motion for Notice of Intent to Use Evidence Arguably Subject to Suppression **[Doc. 25-2]** is **DENIED**.

IT IS SO ORDERED.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge