UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA       )
                                              )
             Plaintiff,       )
                                              )
v.                                      )     No. 3:07-CR-39
                                              )     (Jordan / Shirley)
KENNETH DYER, and         )
STACIE GLANCE,           )
                                              )
             Defendants.     )


## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on September 14, 2007, upon hearing of Motion to Continue Trial Date [Doc. 35] filed by defendant Stacie Glance, along with a Memorandum in Support of that Motion. [Doc. 36]. Attorney Ursula Bailey was present on behalf of Ms Glance; Ms Glance was not present.[1] Attorney Kim Tollison was present along with his client, defendant Kenneth Dyer. Assistant United States Attorney Hugh B. Ward was present on behalf of the government.

The Court observes that Defendant Glance timely filed a Motion to Suppress Evidence [Doc. 19]. Defendant Dyer, likewise, timely filed a Motion to Suppress [Doc. 17]. After receiving the United States' response [Doc. 22], the Court conducted an evidentiary hearing on the merits of these

---

[1] The hearing was scheduled on shorter notice than customary and Ms Glance resides out-of-state pursuant to the Court's Order Setting Conditions of Release [Doc. 14].

issues on July 12, 2007. After taking the matter under advisement, the Court issued a Report and Recommendation to the District Court on August 10, 2007, [Doc. 28]. Thereafter, both Ms Glance and Mr. Dyer filed objections [Doc. 31] and [Doc. 32], which are under advisement with the trial court for final ruling.

At the hearing, Attorney Bailey stated that a continuance of the trial date of September 24, 2007, was necessary in order to resolve important issues of suppression of evidence currently pending before the District Court. Attorney Bailey stated that she has discussed this matter with Defendant Glance. Ms Bailey stated that Ms Glance understands her right to a speedy trial and would like the trial continued so that she may pursue her suppression issues.

Attorney Tollison stated that he has discussed the need for a continuance with Defendant Dyer. Attorney Tollison stated that Mr. Dyer understands the reasons for a continuance and joins with Ms. Glance's request that the trial be continued. In response to inquiry from the Court, Mr. Dyer stated that he understands he will necessarily remain in jail pending the new trial date. Mr. Dyer confirmed that he understood his right to a speedy trial. Further, Mr. Dyer stated that he understood a ruling on his motion to suppress certain evidence was necessary prior to trial.

AUSA Ward stated that the United States has no objection to a continuance of the trial date in light of the pending evidence suppression issues. AUSA Ward stated that the government's position is that all the time between the filing of the Motion to Continue [Doc. 35] on September 4, 2007, and the new trial date is excludable from the operation of the Speedy Trial Act because the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

Attorney Bailey and Attorney Tollison individually expressed their agreement on behalf of

their respective clients that the time between the Motion to Continue [Doc. 35] on September 4, 2007, and the new trial date is properly excludable from the operation of the Speedy Trial Act. Both Attorney bailey and Attorney Tollison stated that the ends of justice served, specifically the need for resolution of the suppression issues, outweigh the interests of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

The Court agrees with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching September 24, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendants of the time to pursue their objections to this Court's Report and Recommendation to the District Court on the suppression issues, which are under advisement and awaiting disposition. See 18 U.S.C. § 3161(h)(1)(F). Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the September 24, 2007, trial date or in less than two months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, Ms Glance's Motion to Continue Trial Date **[Doc. 35]**, joined orally by Mr. Dyer, is **GRANTED**. The trial of this matter is reset to **November 13, 2007 at 9:00 a.m.** before the Honorable R. Leon Jordan, United States District Judge. No additional pretrial conference shall be set in this case.

The Court also finds, and the parties agree, that all the time between the September 4, 2007, filing of the Motion and the new trial date of November 13, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:


    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge