IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-39 |
| | ) | |
| KENNETH J. DYER and | ) | |
| STACIE LEE GLANCE | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendants' objections to the magistrate judge's report and recommendation [docs. 31 and 32]. The government has filed responses to both defendants' objections [docs. 33 and 34] and states that it stands by the report and recommendation as a whole. A transcript of the suppression hearing has been prepared [doc. 30], and the exhibits to the suppression hearing have been provided to the court. Therefore, the objections are ripe for the court's determination. For the reasons discussed below, defendant Dyer's objections to the report and recommendation will be granted in part and overruled in part. Defendant Glance's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir.

1985).  However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

## Factual Background

The following factual summary is based on the information in the affidavit submitted with the search warrant at issue in this case.  On December 4, 2006, Officer Neal Seals of the Sevierville Police Department received information from an officer in North Carolina that a confidential informant ("CS1") told him about a drug sale that took place in a rental cabin in Pigeon Forge, Tennessee.  CS1 stated that within the past seven days,[1] he and another person went to a rental cabin in Pigeon Forge, Tennessee, where the other person bought a one ounce of methamphetamine for $1400 from Kenneth Dyer.  CS1 observed the transaction.  He said the sale occurred in the basement of the cabin where a pool table is located.  He described two vehicles – a blue Dodge Neon and a gray Ford Ranger – parked outside the cabin.  CS1 also stated that Stacie Glance was present in the cabin at the time of sale.

On December 6, 2006, CS1 took the officers to the rental cabin.  The same two vehicles were parked outside.  Officer Neals set up surveillance on that

---

[1] Officer Seals testified that the sale actually occurred about four days before December 1, 2006, when CS1 gave his statement to North Carolina officers.  Officer Seals explained that he used "seven days" in order to protect CS1's identity.

day, and some time later saw Kenneth Dyer and a person fitting the description of Stacie Glance leave the cabin and drive away in the Dodge Neon. Also on that day, Officer Neals learned from North Carolina authorities that both Dyer and Glance had outstanding warrants for drug as well as other offenses.

Based on this information, a search warrant for the rental cabin was obtained to be executed on December 7, 2006. The officers decided to wait until Dyer and Glance left the cabin to execute the search warrant. When the two suspects left the cabin, officers attempted to arrest them, but they fled and escaped. Glance was arrested a few hours later when she returned to the cabin with another person to retrieve personal property,[2] and Dyer was arrested some time later in North Carolina. The officers contacted the rental agent who provided the code to enter the cabin. The search of the cabin uncovered 49.5 grams of methamphetamine, almost $5000 in cash, and various drug paraphernalia including a set of digital scales.

At the suppression hearing, the rental agreements for the cabin were submitted as exhibits. They show that Glance rented the cabin from November 25 to 29, 2006, and from December 3 to 8, 2006. On the November agreement, Glance listed both the Dodge Neon and Ford Ranger, and the print out lists two

---

[2] The rental agent arranged for the key code for the door to be changed subsequent to the search, so when Glance arrived later that day she could not enter the cabin. When she called the rental agent about getting into the cabin, the police were informed and they were able to arrest her at the cabin.

guests. The December agreement shows only the tag number for the Dodge Neon and the print out lists "0" guests.

## Legal Analysis

Both defendants challenge the search of the cabin arguing that the affidavit supporting the search warrant was lacking probable cause and that the warrant was based on stale information. In response, the government argued that there was sufficient probable cause to support the search warrant and that the information was not stale. The government also suggested in its response that the defendants do not have standing to object the search because they abandoned the cabin and fled.

In the report and recommendation [doc. 28], the magistrate judge found that defendant Glance arguably had standing to object to the search of the cabin she rented, but that Dyer did not; that there was sufficient probable cause to support the search warrant; that the information was not stale; and that the defendants did not abandon their property. Defendant Dyer says that the magistrate judge erred concerning all four of these conclusions. Defendant Glance says that the magistrate judge erred in finding sufficient probable cause and in finding that the information was not stale.

*A. Standing to Object to the Search*

In his report and recommendation, the magistrate judge first addressed an issue alluded to by the government in its closing argument during the suppression hearing; that is, whether the individual defendants had a privacy interest in the rental cabin. He found that Glance, as the renter of the cabin, had a privacy interest in the cabin, in part because she attempted to retrieve her property a short time after fleeing from the police. As to defendant Dyer, however, the magistrate judge found that Dyer was not listed on the cabin rental form as a guest, that his vehicle was not listed on the December rental form, and that he did not attempt to retrieve his belongings from the cabin after fleeing from the police.

A person has a legitimate and significant expectation of privacy in a rental cabin rented in her name, in that it is of similar character to a motel room. *See United States v. Allen*, 106 F.3d 695, 699 (6th Cir. 1997). Whether this same protection applies to a guest of the renter, however, is determined based on the status of the guest. If the guest is only a casual visitor, as opposed to an overnight guest, he does not have the same expectation of privacy as the renter. *See, e.g.*, *Minnesota v. Olson*, 495 U.S. 91, 98-99 (1990); *United States v. Whitehead*, 415 F.3d 583, 588 (6th Cir. 2005).

In his objections, Dyer argues that all the evidence in this case is that he was staying with Glance during both periods she rented the cabin. Thus,

5

as an overnight guest, he had a legitimate expectation of privacy in the cabin. *See Olson*, 495 U.S. at 98-99. The court is inclined to agree with Dyer on this issue.

First of all, the government only raised the issue of the parties' expectation of privacy in the premises of the cabin in closing argument at the suppression hearing. No proof was specifically taken on the issue and the parties never briefed the issue. Although Dyer has the burden of proof on the issue of standing, the issue was not fairly raised so he could attempt to satisfy his burden. Furthermore, a reasonable inference can be drawn that Dyer was an overnight guest of Glance. The evidence introduced at the hearing established that the CS1 purchased methamphetamine from Dyer in the cabin during the latter part of November; the license number for a Ford was listed on the November rental agreement; a gray Ford Ranger with the same license number was parked outside the cabin in both November and December; Officer Neals observed Dyer leaving the cabin with Glance on December 6 and 7; and the Ford Ranger likely belonged to Dyer. The court finds that under the circumstances of this case Dyer has met his burden of demonstrating standing to object to the search warrant.

*B. Abandonment of the Property*

The government argued in its brief and at the suppression hearing that the defendants abandoned their property when they fled from police and

6

therefore have no standing to object to the search of the cabin. Relying on the fact that Dyer fled to North Carolina, but Glance returned to the cabin to retrieve her property, the magistrate judge found that Dyer had abandoned his property, but Glance had not.

"One has no standing to complain of a search or seizure of property he has voluntarily abandoned." *United States v. Williams*, 569 F.2d 823, 826 (5th Cir. 1978). Whether someone has abandoned property is a fact question based on the person's legitimate expectation of privacy in the property. *See United States v. Oswald*, 783 F.2d 663, 666 (6th Cir. 1986); *see also United States v. Levasseur*, 816 F.2d 37, 44 (2d Cir. 1987).

Considering the facts of this case, the court finds that Dyer, like Glance, did not abandon his property. Unlike the defendants in *Oswald* and *Levasseur*, when Dyer and Glance left the cabin on December 7, 2006, they were certainly planning to return. The attempted arrest of the defendants changed their plans. Further, there is a reasonable inference that when Glance and a second person returned to the cabin to retrieve the property in the cabin, she expected to pick up Dyer's belongings, also. Further, Dyer's truck was still parked outside the cabin and a second reasonable inference is that she brought the second person along to drive the truck away for Dyer. Just because Dyer did not personally return, does not mean that he intended to abandon his property.

7

The court cannot find on these facts that Dyer had no expectation of privacy in the contents of the cabin at the time it was searched. The court finds that Dyer as well as Glance did not abandon their property and they have standing to object to the validity of the search warrant.

*C. Validity of the Search Warrant*

Both defendants argue that the magistrate judge erred in finding that Officer Neals' affidavit in support of the search warrant was sufficient to establish probable cause that evidence of a drug offense would be found in the rental cabin. The facts known to Officer Neals at the time he applied for the search warrant are set out above. The court finds, as did the magistrate judge, that under a totality of the circumstances, there are sufficient facts in the affidavit to support the issuance of the search warrant.

Officer Neals corroborated significant details of CS1's information. First, CS1 showed them the rental cabin. Second, the two vehicles described by CS1 were still parked outside. Further, CS1 said that methamphetamine was purchased from Kenneth Dyer and Stacie Glance was present. On December 6th, Officer Neals saw Dyer and a female fitting the description of Glance leave the cabin. Both Dyer and Glance had outstanding warrants for drug offenses.

The court finds, as did the magistrate judge, that there was sufficient probable cause to support the issuance of th search warrant, that the corroboration of CS1's information was sufficient to overcome any question

8

about the informant's credibility, and that the fact that the two vehicles were still at the same cabin and that Dyer and a person who looked like Glance were still using the cabin the day before the search warrant was sought, cures any possible "staleness" of the informant's information.  Whether a "large quantity" of drugs was still present or depleted does not affect the probable cause to believe that drug trafficking was occurring in the cabin.

### **Conclusion**

The court has reviewed *de novo* the pleadings, the transcript of the suppression hearing, and the exhibits, and for the reasons discussed above, the court **ADOPTS IN PART** the report and recommendation of the magistrate judge. It is hereby **ORDERED** that the defendant Dyer's objections to the report and recommendation are **GRANTED IN PART AND OVERRULED IN PART**. Defendant Glance's objections are **OVERRULED**.  It is further **ORDERED** that the defendants' motions to suppress evidence [docs. 17 and 19] are **DENIED**.

ENTER:

    *s/ Leon Jordan*
United States District Judge